Christian J.
delivered the opinion of the court.
Application is made to this court by the board of' supervisors of Bedford county, invoking its original jurisdiction by way of prohibition, to restrain and prohibit the Hon. G-. A. Wingfield,'judge of the circuit court, of Bedford county, from awarding a writ of prohibition, or otherwise interfering with the board of «supervisors of said county, so as to prevent said board from making certain contemplated changes in the court-house of said county.
In the petition filed by said board it is alleged, in substance, that upon application to the board at its. meeting in June 1875, by thé clerk of the county court, requesting that additional room be provided for' the records of the county, the board made an order requiring that a room adjoining the county court clerk’s office, which had been used as a lawyer’s office, should -be fitted up as a part of said county court clerk’s office; and that a doorway be cut in the partition wall between said room and the clerk’s office, for the more convenient use of said room as a part of said clerk’s office. The petition further alleges, that the county court, by its order entered on 3d June 1875, declared that “the court doth approve, ratify and confirm said order of the board of supervisors,” and “that the same be done in accordance with the order of the board of supervisors.”
The petition then exhibits the following order of' the circuit court of Bedford, entered on the 4th Sep *331 tember 1875, to wit: “It being suggested to the court that the supervisors of this county are about to proceed to cut the walls of the court-house, for the pose of making an entrance into it from the county court clerk’s office, and to connect a part of the courthouse with the clerk’s office, and have authorized one Robert S. Quarles to cut the same and connect it with the clerk’s office; and this court deeming it improper so to mutilate the court-house, and change it into a clerk’s office, doth therefore order that the said supervisors and the said Robert S. Quarles be summoned to appear bere on the first day of the next term, to shew cause, if any they can, why a writ of prohibition should not be issued against them, to prevent them* from so mutilating and changing the court-house of said county.”
Setting out these facts, and presenting certain considerations why the circuit court had no jurisdiction in the case, the petition closes with the prayer that this court will award the commonwealth’s writ of prohibition against the said circuit judge of the county of Bedford, prohibiting him “from the exercise of unlawful jurisdiction” in the premises, and from further proceedings against said board, “and from in any manner hindering or interfering with the said board in the exercise of their jurisdiction in the matter aforesaid.”
Upon the presentation of the petition this court awarded a rule nisi upon the Hon. G. A. Wingfield, to shew cause why the writ of prohibition should not be awarded by this court.
To this rule judge Wingfield filed his answer, in which he alleged that the room proposed to be converted into a clerk’s office of the county court, by order of the board of supervisors, was one of the jury *332 rooms of the circuit court, and that while it had been used by permission of the court as a lawyer’s office, use had always been subject to the right of the COurt to use it as a jury room. “That in the large county of Bedford, with a population of 30,000 or more, when the courts are in session with grand juries, venires in criminal cases, and juries in civil cases, of necessity the case must often arise, when the use of all the jury rooms will be required for the convenient dispatch of the public business, and that if the circuit court is to be deprived of the use of this room (which the board of supervisors propose to convert into a clerk’s office), the administration of public justice will be greatly impeded and obstructed.” He further alleges that by the proposed change the danger of destruction of the court-house by fire will be greatly increased.
He further submits, that by virtue of the statute law he, as judge of the circuit court, had control, to a certain extent, of the court-house building, and that he might, under his authority and duty as circuit judge ex officio, have made a peremptory order preventing this change, if, in his opinion, such change interfered with the discharge of bis public duties as judge of said circuit court, or in any way obstructed the administration of public justice in his said court; but he preferred, instead of issuing such peremptory order, as he had the right to do, to award a rule against the board of supervisors, in order that it might be seen upon the return of the rule whether the room could be used both for the purpose of a jury room as heretofore, and at the same time for the purposes as designed of additional room for the records of the county court.
The case was heard by this court upon the petition, and the return made by judge Wingfield, and the *333 arguments of counsel for the petitioners; and the question we now have to decide is whether, upon the case made by the petition and return, this court should award the writ of prohibition against judge Wingfield.
This question is to be determined by certain general principles of law governing writs of prohibition, which it is necessary to refer to in order to determine this question.
1. The power of this court to award writs of prohibition is conferred by the constitution, and will always be exercised in a proper case; and when the proper ease is made by the pleadings and evidence, the power to award the writ is unquestioned.
2. But, like all other extraordinary remedies, prohibition is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it issues only in cases of extreme necessity; and, before it can be granted, it must appear that the party aggrieved has no remedy in the inferior tribunals. The jurisdiction is exercised by appellate or superior courts, to restrain inferior courts from acting without authority of law where damage or injustice are likely to follow from such action.
3. It is not a writ of right granted ex debito justitice, but rather one of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case. And being a prerogative writ, it is to be used like all other prerogative writs, with great caution and forbearance, for the furtherance of justice, and to secure order and regularity in judicial proceedings, where none of the ordinary remedies provided by law are applicable.
4. It is a principle of universal application, and one which lies at the very foundation of the law of pro *334 hibition, that the jurisdiction is strictly confined to cases where no other remedy exists; and it is always sufficient reason for withholding the writ, that the Part7 aggrieved has another and complete remedy at law.
5. Another fundamental principle, and one which is to be constantly borne in mind in determining whether an appropriate case is presented for the exercise of this extraordinary jurisdiction is, that the writ is never allowed to usurp the functions of a writ of error, and can never be employed as a process for the correction of errors of inferior tribunals. High on Ex. Remedies 551, 556, and cases there cited.
Let us now apply these general principles to the case before us.
It will be conceded that the circuit court of Bed-ford, as all circuit courts, is invested by law with jurisdiction to issue writs of prohibition. Whatever irregularities may have been committed by said court in the exercise of its general jurisdiction, in this particular ease, was a subject of defence in answer to the rule. Eor instance, if, as is urged here, there was no relator, at whose instance the rule was made by judge Wingfield; or if, as was insisted in argument, the county court having concurrent jurisdiction of the subject matter had already control of it, and had passed upon it, these are matters of defence upon an answer to the rule, and ought to have been made in the circuit court, and are not proper grounds for a writ of prohibition from this court.
The process• awarded by judge Wingfield, while called in the proceedings a writ of prohibition, was a mere rule awarded by him, ex mero motu, upon the board of supervisors, making inquiry of them why they proposed to convert one of the jury rooms of the *335 •circuit court into a clerk’s office of the county court, and to show cause why they should not be prohibited from so doing. We think, as judge of the court, he had a right to make this inquiry. The statute law confers upon the circuit judge control of the court-house in which he administers justice, to the extent, at least, of preventing any interference with the discharge of the public business, and of having necessary jury rooms and other conveniences for the purpose.
When there is any such interference by the board of-supervisors, or any one else, he certainly has the right to enquire into it. If in that enquiry he violates the law, or infringes upon the rights of others, his action is subject to be corrected upon a writ of error. But it is not a case in which prohibition will lie. All the objections made here to the action of judge Wingfield, and urged as grounds of prohibition, could properly be made, and ought to be made, upon the return of the rule made by him.
This court will certainly not interfere, by the extraordinary remedy of prohibition, -to prevent him from making an enquiry, which he has a right tb make, especially when all the grounds of objection urged to his action may be made as matters of defence in answer to the rule, and the whole question more properly adjudicated in the circuit court. We say more properly in the court below, because the whole case can be there fully heard upon the facts; and the orders made by the board of supervisors, and the county court, if ex parte, as they may be, can be reviewed and fully considered.
To grant the writ of prohibition in this case, would be to establish a new practice, and to lend the aid of this high prerogative writ, which is always issued with *336 caution, and when there is no adequate remedy, in a case where the parties have ample remedy in the court below, and by writ of error to this court. This court will always discourage and put its seal of disapprobation upon every attempt to use the writ of prohibition to usurp the functions of a writ of error, and to employ it as a process to correct the error of inferior tribunals, instead of the regular modes by appeals and writs of error. The rule awarded against the respondent, Hon. G-. A. Wingfield, judge of circuit court of •Bedford, is discharged.
Bule discharged.